**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

AMIT AMIT (A No. 240-425-155),

Petitioner,

v.

ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-07681-JLT-FJS

ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION TO APPOINT COUNSEL; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE

(Docs. 1, 3, 4)

Amit Amit is a federal immigration detainee proceeding pro se with a habeas petition and motion for temporary restraining order pursuant to 28 U.S.C. § 2241 challenging his ongoing detention. (Docs. 1, 4.) Respondents filed a response to the TRO and underlying petition, asserting that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) while his removal proceedings are ongoing. For the reasons set forth below, the Court **DENIES** the habeas petition.[1]

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from India. (Doc. 9 at 11.) Petitioner immigrated the United States on May 11, 2023, where he was encountered by immigration officials, processed for removal pursuant to

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 8.) Respondents do not request a hearing or further briefing. (Doc. 9 at 1.) Petitioner did not file a reply. Thus, the Court decides this case on the underlying habeas petition on the present record.

a Notice to Appear under 8 U.S.C. § 1182(a)(6)(A)(i) and released on his own recognizance due to lack of detention space. (*See id*. at 7, 12.) On March 9, 2026, Petitioner was arrested for driving under the influence and was later charged in connection with that arrest. (*Id*. at 14, 21; *see also* Doc. 1, ¶ 23.) Petitioner was eventually released from local police custody. (Doc. 1, ¶ 23.) On July 16, 2026, Petitioner reported to the ICE office as part of his conditions of release on recognizance. (*See id*.; Doc. 9 at 14.) That day, ICE arrested the Petitioner "due to his recent criminal arrest for DUI" and because he was "in violation of the conditions of his Order of Release on Recognizance."[2] (Doc. 9 at 14.) Petitioner was subsequently transferred to the Golden State Annex, in McFarland, California, where he remains. (Doc. 1, ¶1.)

On September 23, 2026, Petitioner was ordered removed by an Immigration Judge (IJ). (Doc. 9 at 2.) On October 26, 2026, Respondents filed a status report indicating that Petitioner did not appeal his order of removal to the Board of Immigration Appeals by the deadline, which Respondents confirmed with EOIR staff. (Doc. 12 at 1.) A routine review of EOIR's Automated Case Information confirms that an IJ ordered removal on September 23, 2026, and that "no appeal was received for this case."[3] Because the thirty-day window to file such appeal has passed, Petitioner's order of removal is now final. *See* 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R.*

[2] Respondents did not issue an I-286 Notice of Custody Determination until August 6, 2026, three weeks after Petitioner's arrest on July 16, 2026. (*See* Doc. 9 at 24.)

[3] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited November 2, 2026).

*P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Petitioner claims that his ongoing detention without pre-deprivation notice and hearing violates his Fifth Amendment due process rights. (*See* Doc. 1 at 16–17.) However, because Petitioner was ordered removed on September 23, 2026 (Doc. 9 at 2), and did not file an appeal within the thirty-day window (Doc. 12 at 1), his order of removal is now final. *See* 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"). Thus, Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2) and Petitioner is subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). *See Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner, who failed to appeal the IJ's grant of voluntary departure, was subject to mandatory detention and a final order of removal, thereby denying habeas relief); 8 U.S.C. § 1231(a)(1)(B)(i) ("The removal period begins on the latest of the following: The date the order of removal becomes administratively final.").

"A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
2. The motion for temporary restraining order (Doc. 4) is **DENIED** as **MOOT**.
3. The motion to appoint counsel (Doc. 3) is **DENIED**.[4]

[4] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C.

4. The Clerk of Court is directed to **CLOSE THE CASE.**

IT IS SO ORDERED.

Dated: November 2, 2026

UNITED STATES DISTRICT JUDGE

---

§ 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, considering Petitioner's final order of removal, the Court finds that his detention is mandatory under § 1231(a)(2) and denies habeas relief. Accordingly, the interests of justice do not require appointment of counsel.